**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL HOWARD KING,
　　　　　Appellant,

　　　　v.

UNITED STATES POSTAL SERVICE,
　　　　　Agency.

DOCKET NUMBER
AT-0752-15-0820-I-1

DATE: May 27, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Harvey G. Orr, Riverdale, Georgia, for the appellant.

Tammie Philbrick, Esquire, Atlanta, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　　The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant was removed from the position of Sales, Services, and Distribution Associate at the Webb Bridge Station of the Alpharetta Post Office based on misconduct. Initial Appeal File (IAF), Tab 4 at 14-17. Specifically, the appellant was charged with taking three pieces of mail out of the post office that did not belong to him, opening and going through the contents of the mail, and leaving the mail in his truck and returning to work. *Id*. at 21. The appellant appealed his removal to the Board, and, after holding a hearing, the administrative judge issued an initial decision affirming the agency's action. IAF, Tab 15, Initial Decision (ID).

¶3 The appellant has filed a petition for review of the initial decision that primarily disputes the administrative judge's factual findings. Petition for Review (PFR) File, Tab 1. The agency has opposed the petition. PFR File, Tab 3.

¶4 The appellant argues that the agency does not have sufficient evidence to prove the charged misconduct. PFR File, Tab 1 at 5-6. The agency relies primarily on the statement of an investigator who was surveilling the appellant on the date that the misconduct took place. IAF, Tab 14. The appellant argues that,

because this investigator did not produce photographs or videotape of him committing the misconduct, his testimony has no probative value. PFR File, Tab 1 at 6. The appellant's argument is unavailing. The Board has held that circumstantial evidence of charges allows for a strong inference of culpability if it is not reasonably and satisfactorily explained by the appellant. *Davis v. Department of the Air Force*, 27 M.S.P.R. 521, 524 (1985), *aff'd*, 790 F.2d 92 (Fed. Cir. 1986) (Table); *see Smith v. U.S. Postal Service*, 69 M.S.P.R. 420, 425 (1996) (explaining that, when there is no significant contrary proof, circumstantial evidence can constitute proof by preponderant evidence). Here, it is undisputed that mail not addressed to the appellant was found in his truck. IAF, Tab 4 at 37-38. The person who sent the mail and the intended recipient confirmed that they did not know the appellant. *Id.* at 45-46. The administrative judge found that the appellant failed to provide a reasonable explanation for how the mail got into his truck. ID at 4. In addition to this circumstantial evidence, the agency also relied on the testimony of the investigator who observed the appellant when the misconduct took place.

¶5      The investigator testified that he witnessed the appellant leaving the post office with mail in his hand, entering his truck, staying in his truck for approximately 10-15 minutes, and exiting his truck without any mail. IAF, Tab 4 at 27-35. He also observed mail that was not addressed to the appellant in the appellant's truck. *Id*. The administrative judge conducted a credibility analysis pursuant to *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), and credited the investigator's version of events over the appellant's, ID at 4-5. The Board must give deference to an administrative judge's factual findings and credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

¶6      The appellant argues that the investigator's testimony has no probative value.  PFR File, Tab 1 at 5.  We do not agree.  The investigator witnessed the appellant enter his truck with mail and subsequently witnessed mail that did not belong to the appellant in the appellant's truck.  IAF, Tab 4 at 28-41.  The appellant also argues that the administrative judge committed harmful error by considering an anonymous report accusing him of taking mail on May 1, 2015, opening several greeting cards and removing the contents, and then discarding the cards and envelopes in a dumpster.  PFR File, Tab 1 at 2.  The record reflects that information concerning the anonymous report of misconduct on May 1, 2015, was in the investigator's report and was included in the background section of the notice of proposed removal.  IAF, Tab 4 at 21, 29-31.  The agency did not charge the appellant with committing misconduct on May 1, 2015.  *Id.* at 21-24.  Similarly, the initial decision does not make a finding concerning the misconduct that allegedly occurred on May 1, 2015.  ID at 5 (finding that the agency established that the appellant engaged in the conduct described in the specifications).  We find no error in the administrative judge's noting the events of May 1, 2015, merely as background in the initial decision because this event resulted in the appellant being placed under surveillance on May 8, 2015, when the charged misconduct took place.  ID at 2.  Likewise, the administrative judge's treatment of this event as background was not improper, because she did not consider it as a prior disciplinary record in assessing which penalty to impose.  *See, e.g.*, *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981) (finding that the Board's review of a proper disciplinary action is limited to determining whether that action is clearly erroneous, if the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline).

¶7      The appellant alleges that the agency had him arrested on a charge of theft, but charged him administratively with improper conduct to lower the burden of

proof. PFR File, Tab 1 at 4. To the extent that, by this argument, the appellant is claiming that the agency could not bring both a criminal charge against him and remove him from service based on the same set of facts, we disagree. In addition, the appellant was given the option of staying the Board proceeding pending a decision in the criminal proceeding, but he declined to do so. IAF, Tab 6. Even if the appellant were correct, and the agency influenced the criminal charge in the parallel proceeding, the agency was not required to bring an identical charge against him administratively. *See Owens v. U.S. Postal Service*, 57 M.S.P.R. 63, (1993) (finding that collateral estoppel did not apply when the appellant was convicted of a criminal charge that was substantially similar but not identical to the misconduct charged by the agency and arose from the same conduct).

¶8        The initial decision notes that the appellant's vehicle was locked and only the appellant had access to the keys to unlock the vehicle (and therefore only he could have been the person who placed the mail and ripped checks in the truck) as facts that made his version of events less credible. ID at 4. The appellant argues that these facts were not included in the notice of proposed removal and therefore the administrative judge should not rely upon them. PFR File, Tab 1 at 4. We find no error in the administrative judge's relying on these facts as part of her credibility analysis under *Hillen* to support her finding that the appellant's version of events was less credible than the investigator's version. To the extent that the appellant may be arguing that the administrative judge's consideration of this fact amounted to a due process violation, under the circumstances presented, we cannot agree. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d, 1368, 1377 (Fed. Cir. 1999) (holding that merely cumulative evidence that is not new and material and does not undermine objectivity does not implicate due process guarantee of notice).

¶9        We have thoroughly reviewed the hearing testimony and documentary evidence from below, and we find that the appellant has not presented sound reasons for us to revisit the administrative judge's credibility determinations or

the resultant findings and no basis upon which to disturb her determination that the agency met its burden and proved that the appellant committed the charged misconduct. *See Yang v. U.S. Postal Service*, 115 M.S.P.R. 112, ¶ 12 (2010) (finding that mere disagreement with the administrative judge's findings is insufficient to disturb the initial decision); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (stating that there is no reason to disturb the administrative judge's conclusions when the initial decision reflects that she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions). The appellant's mere disagreement with the administrative judge's findings and credibility determinations does not warrant reversal by the Board. *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in

title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.